**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

CRAIG P. ELLIS,

       Plaintiff,

v.                                                                             No. CV 11-0379 WJ/DJS

B.C.M.D.C.; RON TORREZ; B.C.M.D.C.'S
CONTRACTED HEALTH SERVICES;
DR. SHANNON; DR. TRAPP; DR. MCMURRAY;
C.N.P. CHERYL BAKEWELL,

       Defendants,

and

CRAIG P. ELLIS,

       Plaintiff,

v.                                                                             No. CV 11-0582 WJ/DJS

RAMON RUSTIN,
METRO DETENTION CENTER,
CONTRACT MEDICAL SERVICES,
CONTRACT HEALTH SERVICES,

       Defendants.

**MEMORANDUM OPINION AND ORDER**

       This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's complaints in these consolidated cases. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For the reasons below, certain of Plaintiff's claims will be dismissed.

       The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on

which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaints in these consolidated cases name nine Defendants who allegedly have denied Plaintiff adequate medical treatment for an injury and an infection. Plaintiff slipped and fell, injuring his hand and leg. He alleges that Defendants Shannon and McMurray misread x-rays of the hand injury and denied treatment in spite of obvious injury and pain. Defendant Trapp ignored Plaintiff's complaints about the alleged deformity resulting from the injury. Plaintiff has never regained full use of his hand and has continuing pain in his leg. Sometime after the injury, Plaintiff contracted a bacterial infection in his intestinal tract. Defendant Bakewell failed to diagnose the infection for 1½ months after lab results were returned. Several months passed before he received effective treatment. Plaintiff also alleges that he has received no treatment for lumps on his chest that "are growing and causing him pain." Plaintiff seeks damages and equitable relief.

Plaintiff's allegations about his post-injury medical care fail to support claims against Defendants B.C.M.D.C./Metro Detention Center, Torrez, B.C.M.D.C.'s Contracted Health Services, Rustin, and Contract Medical Services. First, no relief is available against Defendant B.C.M.D.C./ Metro Detention Center, because "a detention facility is not a person or legally created entity

capable of being sued." *Aston v. Cunningham*, No. 99-4156, 2000 WL 796086, at *4 n.3 (10th Cir. June 21, 2000), *quoted in White v. Utah*, 5 F. App'x 852, 853 (10th Cir. 2001).

Furthermore, the complaint contains no allegations against Defendants Torrez, B.C.M.D.C.'s Contracted Health Services, Rustin, or Contract Medical Services that affirmatively link them to the asserted violations. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by Defendants in the constitutional violation. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). A civil rights action against a supervisory official or entity employer may not be based solely on a theory of respondeat superior liability for the actions of workers supervised by the official or entity. *See id.* The Court will dismiss Plaintiff's claims against these supervisory and entity Defendants.

As to the intestinal infection, Plaintiff's allegations against Defendant Bakewell do not support a claim of deliberate indifference to a serious medical need. Plaintiff alleges that Nurse Bakewell failed to notice a virus when lab results were available. This allegation of a "negligent failure . . ., even one constituting medical malpractice, does not give rise to a constitutional violation." *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 811 (10th Cir. 1999). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976). The Court will dismiss Plaintiff's claim against Defendant Bakewell.

Defendants Rustin and Bernalillo County Metropolitan Detention Center filed a Motion To Dismiss Plaintiff's Complaint With Prejudice (Doc. 24). Plaintiff's claims against these Defendants are dismissed by the Court's ruling in this order, and thus the motion will be denied as moot. On consideration of Plaintiff's Motion For Status Conference (Doc. 32), the Court will quash the order

to show cause (Doc. 31), though the motion will be denied at this time.  The order staying discovery will remain in effect pending filing of responsive pleadings by the remaining Defendants and until further order by the Court.  *See* D.N.M.LR-Civ.16.3(d), 26.4(a), and 26.5(a).

IT IS THEREFORE ORDERED that Plaintiff's claims against Defendants B.C.M.D.C./ Metro Detention Center, Torrez, B.C.M.D.C.'s Contracted Health Services, Rustin, Contract Medical Services, and Bakewell are DISMISSED; and these Defendants are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that County Defendants' Motion To Dismiss Plaintiff's Complaint With Prejudice (Doc. 24) is DENIED as moot; and Plaintiff's Motion For Status Conference (Doc. 32) is DENIED at this time;

IT IS FURTHER ORDERED that the order to show cause (Doc. 31) is QUASHED; and the order staying discovery (Doc. 30) remains in effect pending further order by the Court;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with copies of both complaints, for Defendants Shannon, Trapp, and McMurray.

_____
UNITED STATES DISTRICT JUDGE