**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

CRAIG P ELLIS,

    Plaintiff,

v.                                                                                                                                   No. 11-cv-0379 WJ/SMV

BERNALILLO COUNTY METROPOLITAN
DETENTION CENTER, et al.,

    Defendants,

and

CRAIG P ELLIS,

    Plaintiff,

v.                                                                                                                                   No. 11-cv-0582 WJ/SMV

RAMON RUSTINI, et al.

    Defendants.

**ORDER DENYING PLAINTIFF'S MOTION FOR COURT APPOINTED COUNSEL**

THIS MATTER is before the Court on Plaintiff's Motion for Court Appointed Counsel [Doc. 54] ("Motion"), and the Court, having reviewed the relevant law, and being otherwise fully advised in the premises, FINDS that the Motion is not well-taken and should be denied.

United States District Courts lack the authority to appoint counsel to represent indigent prisoners in § 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). In deciding whether to request voluntary assistance of counsel, courts should consider "the merits of the litigant's claims, the nature of the factual issues raised in

the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)). Ultimately, the burden is on the plaintiff "to convince the court that there is sufficient merit to his claim to warrant [a request for voluntary assistance] of counsel." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir 2004) (internal quotation marks omitted).

As grounds for his Motion, Plaintiff claims that this case "is complicated to the point that without counsel, the Plaintiff would not receive a fair review of the case" because, *inter alia*, this case is consolidated with another. " Motion [Doc. 54] at 1. Moreover, Plaintiff states that "his . . . lack of knowledge in preparing this case to move beyond the beginning stages into oral argument could possibly be presumptively prejudicial." *Id.* He alleges further that he does not have "access to case law [or] the ability to perform [discovery]." *Id.*

The Court has not ordered discovery nor has it ordered oral argument, hence Plaintiff's claimed inability to perform either is not a reason for the Court to request voluntary assistance of counsel. Nor is the Court convinced, at this early stage, that there is sufficient merit or complexity in Plaintiff's claims to warrant the Court's making such request. Finally, Plaintiff is adequately presenting his claims at this time.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion for Court Appointed Counsel [Doc. 54] is **DENIED** at this time.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**