**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

CRAIG P. ELLIS,

    Plaintiff,

v.                                                 No. 11-cv-0379 WJ/SMV

BERNALILLO COUNTY METROPOLITAN
DETENTION CENTER et al.,

    Defendants,

*and*

CRAIG P. ELLIS,

    Plaintiff,

v.                                                 No. 11-cv-0582 WJ/SMV

RAMON RUSTIN et al.,

    Defendants.

**ORDER DIRECTING SUBMISSION
OF *MARTINEZ* REPORTS**

THIS MATTER comes before the Court sua sponte following a review of the docket. On May 4, 2011, Plaintiff filed a Prisoner's Civil Rights Complaint pursuant to 42 U.S.C § 1983 alleging that he suffered serious injuries to his knee and hand while incarcerated at the Bernalillo County Metropolitan Detention Center ("BCMDC"). *See* [Doc. 1] at 2.[1] For the purpose of developing a record sufficient to ascertain whether there are any factual or legal bases for

---

[1] Unless otherwise noted, all references to the record will be to Cause No. 11-cv-0379 WJ/SMV.

Plaintiff's claims, Defendants are **ORDERED** to submit materials that will help this Court resolve Plaintiff's claims, in the form of *Martinez* reports, as explained below.

On May 6, 2011, Plaintiff filed a tort action in the Second Judicial District, County of Bernalillo, State of New Mexico, seeking damages arising from the same incidents that form the basis for his § 1983 claim. *See* Complaint to Recover Damages for Injury [Doc. 1-2] at 2 (filed in Cause No. 11-cv-0582 WJ/SMV). The Defendants removed the state tort action to federal court on June 30, 2011. Notice of Removal [Doc. 1] (filed in Cause No. 11-cv-0582 WJ/SMV). On July 27, 2011, the Honorable William P. Johnson, United States District Judge, issued an order consolidating the two cases. Order of Consolidation [Doc. 9] (filed in Cause No. 11-cv-0582 WJ/SMV). The civil rights case, Cause No. 11-cv-0379 WJ/SMV, was designated as the lead case. *Id*. at 1. The parties were instructed to make all filings in both actions under Cause No. 11-cv-0379 WJ/SMV. *Id* at 2.

On January 24, 2012, Judge Johnson issued an order, sua sponte, dismissing Plaintiff's claims against Defendants BCMDC, Torrez, BCMDC's Contracted Health Services, Rustin, Contract Medical Services, and Bakewell. Memorandum Opinion and Order [Doc. 33] at 4. Thus, the only remaining Defendants are Drs. Shannon, Trapp and McMurray. All three have filed Answers to the Complaint. *See* Answer to Prisoner's Civil Rights Complaint [Doc. 45]; Defendant William Shannon, M.D.'s Answer to Prisoner's Civil Rights Complaint [Doc. 61]. The Defendants deny Plaintiff's claims and raise numerous affirmative defenses, including that the Court lacks jurisdiction due to Plaintiff's failure to exhaust administrative remedies. *See generally* Answer to Prisoner's Civil Rights Complaint [Doc. 45]; Defendant William Shannon, M.D.'s Answer to Prisoner's Civil Rights Complaint [Doc. 61]. Upon review of the pleadings, I

have decided to order that each Defendant is to file a report pursuant to *Martinez v. Aaron*, 570 F.2d 317, 319 (10th Cir. 1978).

In a case brought by a prisoner proceeding pro se, the Tenth Circuit has authorized the Court to require the defendants to investigate the incident or incidents which form the basis of the complaint and prepare a *Martinez* report. *See id.* The *Martinez* report is used to develop a factual or a legal basis for determining whether a pro se, incarcerated plaintiff has a meritorious claim. *See, e.g., Gee v. Estes*, 829 F.2d 1005, 1007 (10th Cir. 1987). A *Martinez* report may be used in a variety of procedural situations, including a motion for, or sua sponte entry of summary judgment. If a *Martinez* report is used for summary judgment purposes, the pro se plaintiff must be afforded an opportunity to present conflicting evidence to controvert the facts set out in the *Martinez* report. *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991).

To assist the Court in evaluating Plaintiff' claims, I will order each Defendant to submit a *Martinez* report and serve a copy on Plaintiff. Each Defendant[2] is hereby ordered to file and serve a *Martinez* report (with or without a dispositive motion) in accordance with the following instructions:

1. Each Defendant's comprehensive *Martinez* report shall address all of Plaintiff's allegations as well as any defenses Defendants wish to pursue;

2. The *Martinez* reports shall include all documents, medical records, and other records pertaining to Plaintiff's claims, and should include any prison policies or regulations that address Plaintiff's claims or Defendants' defenses;

---

[2] The Defendants may submit a joint *Martinez* report, provided it specifically and directly addresses Plaintiff's claims against each Defendant with particularity.

3. All pertinent documents shall be attached as exhibits to the *Martinez* reports. The documents shall be arranged in a logical fashion and must be Bates-stamped or otherwise be clearly serially marked;

4. Defendants must provide affidavits to properly authenticate submitted documents, and may also submit other affidavits in support of the *Martinez* reports, *see Farmers Alliance Mut. Ins. Co. v. Naylor*, 452 F. Supp. 2d 1167, 1176–77 (D.N.M. 2006);

5. In view of Defendants' affirmative defense of failure to exhaust administrative remedies, Defendants shall produce copies of:

    a. All grievances or complaints filed by Plaintiff regarding any issue raised in his § 1983 Complaint;

    b. Any decisions with respect to any such grievance or complaint filed by Plaintiff;

    c. Documentation, if any, tending to show that Plaintiff was unable to utilize, or was prevented from utilizing, the grievance procedures that were available to him at BCMDC;

    d. Any other pertinent documentation or information concerning Plaintiff's medical problems, requests for medical care, responses to his requests, and all medical care and treatment provided to Plaintiff relating to the matters raised in his § 1983 Complaint;

6. While documents in support of the *Martinez* reports may be submitted simultaneously with the reports, the submission of documents alone, or documents submitted with an index but without an accompanying report, will not be considered to be in compliance with this Order.

Defendants must prepare the "report" portion of the *Martinez* report that discusses the claims and the submissions that relate to them.

The *Martinez* reports must be filed and served on Plaintiff no later than **November 19, 2012**. Plaintiff shall file his response, if any, to Defendants' motions and/or *Martinez* reports **within 30 days of their filing**. Defendants shall file their reply, if any, **within 14 days** of the filing of Plaintiff's response.

**THE PARTIES ARE HEREBY GIVEN NOTICE** that the *Martinez* reports may be used in deciding whether to grant summary judgment on Plaintiff's claims, whether by motion or sua sponte. *See Hall,* 935 F.2d at 1109–10 (10th Cir. 1991); *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986) (noting that district courts have the power to enter summary judgment sua sponte, as long as the opposing party was on notice that she had to come forward with all her evidence). Therefore, the parties should submit whatever materials they consider relevant to Plaintiff's claims.

**IT IS SO ORDERED**.

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**